CALOGERO, Chief Justice,
dissenting from denial of writ.
I would grant the writ and docket for oral argument. In this case, the relator asserts that the lower courts erred in ruling that there existed probable cause to seize his cash under the Louisiana Seizure and Controlled Dangerous Substances Property Forfeiture Act, LSA-RS 40:2606 et seq., on the sole basis that he fit a “profile” of a drug courier.
The facts are as follows: The relator and a traveling companion arrived at the airport on November 3, 1996 and purchased two round-trip tickets to Houston. At the probable cause hearing, a state witness testified that the relator and his traveling companion met the drug courier profile because they purchased their tickets with cash, were nervous, could not produce the name of the person that they were visiting, and denied carrying a lot of money when they were in fact carrying $36,000.00 in cash. The pair was initially stopped when a narcotics dog “alerted” to the money.
On this evidence, the district court judge found probable cause to seize the property, and the court of appeal affirmed. The United States Supreme Court, however, when presented with nearly identical circumstances to the instant case, found that there was only reasonable suspicion, not probable cause. See United States v. Sokolow, 490 U.S. 1, 7-11, 109 S.Ct. 1581, 1585-88, 104 L.Ed.2d 1 (1989) (finding that the cash purchase of a ticket, use of a false name, destination of a “drug source city,” and nervousness gave rise to reasonable suspicion only); see also, Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (same).
In recent months, this Court has been presented with several writ applications involving the proper application of the Louisiana Seizure and Controlled Dangerous Substances Property Forfeiture Act, and each time this Court denied writs. Most recently, this Court declined to review a similar application in a pre-hearing posture in State v. Clark, 96-1331 (La. 2/7/97), 688 So.2d 495 (Calogero, C.J., and Kimball, J., to grant). In my view, it is incumbent upon this Court to grant one of these writ applications and speak on this important, but as yet, unresolved subject.
For these reasons, I would grant the writ and docket the case for oral argument.